UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DIANE MALEWITZ,

       Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

Case No. 1:12-cv-1285

Honorable Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a social security action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On July 8, 2009, plaintiff filed her application for benefits alleging a February 1, 2009 onset of disability.[1] (A.R. 126-32). Her claim was denied on initial review. (A.R. 81-84). On June 8, 2011, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 39-79). On July 22, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 18-34). On September 21, 2012, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. She argues that the Commissioner's decision should be overturned because the ALJ "wrongly reject[ed] the medical opinions of treating sources without an evidentiary basis, thereby ignoring evidence leading to a finding of disability." (Plf. Brief at 10,

---

[1] July 8, 2009 is the protective filing date stated in the ALJ's opinion. (A.R. 18). The parties state that the filing date was July 9, 2009. (docket # 15 at ID# 606; docket # 18 at ID# 623). The one-day discrepancy is inconsequential.

docket # 15). I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, because the ALJ's opinion falls short of satisfying the procedural requirement of providing "good reasons" for the weight given to the opinions of plaintiff's treating psychologist.

### Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the

[Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from February 1, 2009, through the date of the ALJ's decision. (A.R. 20). Plaintiff had not engaged in substantial gainful activity on or after February 1, 2009. (A.R. 20). Plaintiff had the following severe impairments: "remote history of trauma to head; deafness in the left ear; absence or 'staring' seizures; headaches; myofascial pain syndrome; joint pain in shoulder; eye problems requiring surgery; post-traumatic stress disorder (PTSD); and depression." (A.R. 20). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 28). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). She could lift and carry 20 pounds occasionally and 10 pounds frequently; and in an 8-hour workday with normal breaks, the claimant could stand and walk for a total of about 6 hours

and could sit for a total of about 6 hours. She could do unlimited pushing and pulling; frequent climbing of ramps and stairs, kneeling, and crawling; occasional balancing, stooping, and crouching; and no climbing of ladders, ropes and scaffolds. She could not do work requiring depth perception, driving commercial vehicles, and requiring bilateral hearing due to deafness in the right ear; should avoid concentrated exposure to noise; and should avoid all exposure to hazards such as working around dangerous moving machinery or unprotected heights. From a mental standpoint, she would be limited to simple, routine and repetitive tasks not requiring frequent contact with coworkers or the general public.

(A.R. 30). The ALJ found that plaintiff's testimony regarding her subjective functional limitations was not fully credible. (A.R. 30-33). Plaintiff was unable to perform her past relevant work. (A.R. 33). Plaintiff was 45-years-old as of the date of her alleged onset of disability and 48-years-old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. (A.R. 33). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 33). The ALJ found that the transferability of works skills was not material to a determination of disability. (A.R. 33). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 32,000 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 73-77). The ALJ found that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 34).

Plaintiff argues that the Commissioner's decision should be overturned because the ALJ "wrongly reject[ed] the medical opinions of treating sources without an evidentiary basis, thereby ignoring evidence leading to a finding of disability." (Plf. Brief at 10). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*,

406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of disability [is] the prerogative of the Commissioner, not the treating physician."). Likewise, "no special significance"[2] is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v.*

---

[2]"We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section." 20 C.F.R. § 404.1527(d)(3).

*Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Gayheart v. Commissioner*, 710 F.3d at 376.

A. <u>Robert Hylland, M.D.</u>

Plaintiff's argument that the ALJ failed to give sufficient weight to Dr. Hylland's opinion requires little discussion. On July 6, 2010, Dr. Hylland conducted a consultative examination. He offered his opinion that plaintiff was not employable. (A.R. 442). Dr. Hylland was

not a treating physician. *See Kornecky v. Commissioner*, 167 F. App'x 496, 506-07 (6th Cir. 2006). A single visit does not suffice to establish a treating physician relationship. *Id.* at 506. "Indeed, depending on the circumstances and the nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship." *Id.* at 506-07. Hylland's statement that he had examined plaintiff a decade earlier (A.R. 442) did not establish a treating physician relationship. Dr. Hylland's opinion that plaintiff was unable to work was not a medical opinion. *See Johnson v. Commissioner*, 535 F. App'x 498, 505 (6th Cir. 2013). Further, his opinion was not entitled to any weight because the issue of disability is reserved to the Commissioner. *Id.*; *see* 20 C.F.R. §§ 404.1527(d)(1), (3). I find no error in the ALJ's consideration of Dr. Hylland's opinion.

    B.    <u>Bernadette Ryan, MA, LLP, LLC</u>

Plaintiff attended counseling sessions at Harbor Psychological Associates with Bernadette Ryan, MA, LLP, LLC. (A.R. 234-53, 497-510, 552-57). Plaintiff testified that she sees Psychologist Ryan "every two weeks." (A.R. 78). It is undisputed that Ryan has a limited license in psychology. The pivotal issue is whether Psychologist Ryan's opinions were the opinions of an "acceptable medical source."[3] Defendant argues that Ryan "is not an acceptable medical source

---

[3]Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 2 (SSA Aug. 9, 2006)). The opinions of therapists and counselors fall within the category of information provided by "other sources." *Id.* at * 2; *see* 20 C.F.R. § 404.1513(d)(1), (2). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404 .1512, .1527); *see Gayheart*, 710 F.3d at 378. This is not a demanding standard. *See Davis-Gordy v. Commissioner*, No. 1:11-cv-243, 2013 WL 5442418, at * 8 (W.D. Mich. Sept. 30, 2013).

under the Commissioner's regulations, "because she is not a licensed or certified psychologist with a Ph.D. degree." (Def. Brief at 6) (citing 20 C.F.R. § 404.1513(a)(2)). Plaintiff points out that 20 C.F.R. § 404.1513(a)(2) only requires that a psychologist be "licenced." It does not require a Ph.D. (Reply Brief at 1-3).

"Acceptable medical sources are . . . (2) Licensed or certified psychologists. Included are school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting, for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning only[.]" 20 C.F.R. § 404.1513(a)(2). There is no requirement in the regulation that a psychologist have a Ph.D. degree. "This regulation does not define the nature of the license which a psychologist must possess to be considered an acceptable medical source, but instead simply states that to be considered an acceptable medical source a psychologist must be 'licensed.'" *Bagley v. Commissioner*, No. 1:12-cv-549, 2013 WL 5176765, at * 10 (W.D. Mich. Sept. 16 2013). Ryan is a limited license psychologist, and she had an ongoing treatment relationship with plaintiff. The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d at 875. The ALJ's opinion cannot pass scrutiny under this standard.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Dated: February 6, 2014         /s/ Joseph G. Scoville
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).