UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE MALEWITZ,                  )
                                 )
                    Plaintiff,   )      Case No. 1:12-cv-01285-GJQ-PJG
                                 )
v.                               )      Honorable Gordon J. Quist
                                 )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
                    Defendant.   )
_____)

## REPORT AND RECOMMENDATION

This was a social security action brought under 42 U.S.C. § 405(g) seeking

review of a final decision of the Commissioner of Social Security denying plaintiff's

claims for disability insurance benefits (DIB).  On February 26, 2014, this court

adopted the Magistrate Judge's Report and Recommendation as the opinion of the

Court, vacating the Commissioner's decision and remanding this matter to the

Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative

proceedings.  *See* (ECF No. 21).

Attorney Thomas A. Geelhoed continued to represent plaintiff during

administrative proceedings after this case closed in 2014.  The Social Security

Administration found that plaintiff was disabled within the meaning of the Social

Security Act effective February 1, 2009, and entitled to an award of past-due benefits.

(ECF No. 26).  *See also* (ECF No. 26-1; ECF No. 31; ECF No. 31-1, PageID.729).  The

matter is now before this Court on plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b), payable from the award of past-due benefits. (ECF No. 26). Defendant has filed a timely response neither opposing the amount of requested fee award as being unreasonable, nor finding any evidence of fraud or overreaching. (ECF No. 29). I recommend that plaintiff's motion be granted and that Attorney Geelhoed be awarded $2,955.00, payable from the plaintiff's award of past-due benefits as provided by statute.

**Proposed Findings of Fact**

Plaintiff received an original Notice of Award from the Social Security Administration indicating that she was owed $80,464.00 in past-due benefits. (ECF No. 26-1). She received payment of $74,464.00. (ECF No. 31, PageID.717-18). Plaintiff represents that $6,000.00 was withheld from the past-due benefits as specified in the original Notice of Award, which was paid to Attorney Geelhoed for work performed at the administrative level. (*Id.*). The Administration did not withhold additional benefits for attorney's fees for work performed in federal court. (*Id.*).

After an error regarding plaintiff's DIB application date was corrected, plaintiff received a Notice of Change in Benefits indicating that she was owed $40,970.00 in past-due benefits. (ECF No. 31-3). *See also* (ECF No. 31). The Administration retained a total of $10,242.50 to cover potential awards of attorney's fees. (ECF No. 31-3, PageID.746). Plaintiff is entitled to receive $30,727.50 in past-due benefits. (ECF No. 31-3, PageID.745; ECF No. 31, PageID.718).

Plaintiff's attorney spent a total of 17.4 hours representing plaintiff in this lawsuit.  (ECF No. 26-2, PageID.701).  This Court awarded plaintiff $3,045.00 in attorney's fees pursuant to the Equal Access to Justice Act.  (ECF No. 25, 26).  She is now seeking an additional $2,955.00, payable from plaintiff's award of past-due benefit.

## Discussion

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).  This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits.  "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  *Gisbrecht*, 535 U.S. at 792.  Section 406(b) "does not authorize the prevailing party to recover fees from the losing party.  Section 406(b) is of another genre:  It authorizes fees payable from the successful party's recovery."  *Gisbrecht*, 535 U.S. at 802.  Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations omitted).

Plaintiff requests an award of $2,955.00 from the funds being withheld. (ECF No. 26, PageID.695; ECF No. 31, PageID.718-19). Plaintiff's attorney has received the $3,045.00 EAJA award through his client and is not seeking a double recovery. (*Id.*). The attorney's request does not exceed statutory limits. An award

of the amount sought would not result in a windfall and would fairly compensate

the attorney for the work he performed in this matter.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for

attorney fees (ECF No. 26) be **GRANTED** and that the court approve payment from

plaintiff's award of past-due benefits to Attorney Thomas A. Geelhoed in the

amount of $2,955.00.


Dated: August 2, 2017                        /s/  Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 36(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).